FRANKFURT KURNIT KLEIN & SELZ, P.C.
Edward H. Rosenthal
Lakendra S. Barajas
488 Madison Avenue, 10th Floor
New York, New York 10022
Phone:  (212) 980-0120
Fax:  (212) 593-9175

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------- X
CHRISTIAN SIRIANO HOLDINGS, LLC,             :
                                              :
            Plaintiff,                        :   17 Civ._____
                                              :
    -against-                                 :   **COMPLAINT**
                                              :
M&A IMPORTS, LTD.,                            :
                                              :
            Defendant.                        :
------------------------------------------------------------------- X

Plaintiff Christian Siriano Holdings, LLC. ("Plaintiff"), by its undersigned attorneys, submits this Complaint against defendant M&A Imports, Ltd. ("M&A").

## NATURE OF THE ACTION

1. Plaintiff brings this action to prevent M&A's continued distribution of unauthorized and inferior goods bearing Plaintiff's "Christian Siriano" Trademarks and to collect damages for M&A's infringement of its valuable rights.

## THE PARTIES

2. Plaintiff Christian Siriano Holdings is a limited liability company organized under the laws of Delaware which maintains its principal place of business at 260 West 35th Street, Suite 403 New York, NY 10001.

3.      Upon information and belief, defendant M&A is a wholesale distributor of women's, children's, and infant's clothing and accessories.  M&A conducts business, *inter alia*, via a showroom in the County, City and State of New York.

## JURISDICTION AND VENUE

4.      This action arises under the Lanham Trademark Act of 1946, 15 U.S.C. § 1051 et seq., and the New York General Business Law.

5.      This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

6.      This Court has personal jurisdiction over the Defendant because it has committed and threatens to continue to commit trademark infringement and other torts in this District; has caused injury to Plaintiff and its property in this District; and has purposely and directly targeted its activities at this District.

7.      Venue is proper in this District under 28 U.S.C. § 1391(b).

## FACTS

8.      Fashion designer Christian Siriano launched his eponymous collection in 2008 after winning the fourth season of the design competition television show *Project Runway*.  Comprised of whimsical and cutting-edge designs, the collection has been extremely successful and is shown yearly at New York Fashion Week.

9.      In 2010, Christian Siriano was named by Crain's New York as one of the top 40 entrepreneurs under the age of 40.  Christian Siriano is particularly renowned for creating high-end dresses, which are central to the Siriano brand, as well as less expensive clothing items and accessories.

10. Christian Siriano's celebrity clients have included Victoria Beckham, Lady Gaga, Sarah Jessica Parker and Taylor Swift. Michelle Obama wore a dress designed by Christian Siriano to the Democratic National Convention in 2016.

**The Christian Siriano Marks**

11. Since 2008, when Christian Siriano launched his collection, the mark CHRISTIAN SIRIANO and marks incorporating the name Christian Siriano (the "CHRISTIAN SIRIANO Marks") have been used to identify and promote clothing, accessories, and lifestyle items reflecting Christian Siriano's design and style.

12. Plaintiff is the owner of all trademark rights in the CHRISTIAN SIRIANO Marks including numerous federal registrations for the CHRISTIAN SIRIANO marks for clothing and other products. These include the registered mark Reg. No. 3993598 CHRISTIAN SIRIANO for "clothing, namely blouses, t-shirts, skirts, dresses, evening dresses, trench coats and trousers" in International Class 25, registered on July 12, 2011 and based upon first use in commerce on September 30, 2008. A copy of the certificate of registration for this mark, which is incontestable within the meaning of 15 U.S.C. §§ 1115(b) and 1065, is attached hereto as Exhibit A.

13. In addition, Plaintiff owns a registered mark (Reg. No. 5355522) for CHRISTIAN SIRIANO NEW YORK for "clothing, namely dresses for women and children, bras, sports bras, camisoles, panties, lingerie, sleepwear, body shapers, body shirts, body suits, leggings, slips and capris" in International Class 25, registered on December 12, 2017 and based upon first use in commerce in June 2016. A copy of the certificate of registration for this mark is attached hereto as Exhibit B.

3

14. Plaintiff also is the owner of numerous other trademark registrations for the CHRISTIAN SIRIANO Marks for various goods including: bedding and related products (Reg. Nos. 5120383 & 5355543); cosmetics (Reg. No. 5120233); sunglasses (Reg. No. 4923476); leather briefcases and other leather items (Reg. No. 4923475); shoulder bags, clutch bags and related items (Reg. No, 4671525); and footwear (Reg. No. 4240997).

15. All of Plaintiff's registered CHRISTIAN SIRIANO Marks are valid and subsisting.

16. Plaintiff has pending applications to register CHRISTIAN SIRIANO Marks for other goods and services. A List showing the current status of CHRISTIAN SIRIANO trademarks is attached as Exhibit C.

17. Plaintiff has devoted and continues to devote substantial time, money and effort in promotion of the CHRISTIAN SIRIANO Marks to identify Plaintiff as the source of its goods.

18. In addition, Plaintiff has extensively advertised and promoted its goods using the CHRISTIAN SIRIANO Marks, and Plaintiff and the CHRISTIAN SIRIANO Marks have been the subject of considerable media attention and coverage.

19. As a result of Plaintiff's longstanding use and promotional efforts, the CHRISTIAN SIRIANO Marks have developed extensive goodwill that belong exclusively to Plaintiff.

20. Plaintiff's CHRISTIAN SIRIANO Marks have become famous and widely recognized by the consuming public of the United States as a designation of the source of the goods of Plaintiff.

21. Plaintiff has entered into license agreements with third parties to permit consumers to enjoy Christian Siriano styles at a much lower price point.

22. In all such license arrangements, Plaintiff requires its licensee to agree to a rigorous approval process to ensure that all goods bearing the CHRISTIAN SIRIANO Marks are of a high quality consistent with the reputations of Christian Siriano and Plaintiff's other goods and services.

**The Trademark License Agreement**

23. On May 1, 2015, Plaintiff and M&A entered into an agreement which granted to M&A a limited, exclusive license to use the CHRISTIAN SIRIANO Marks in connection with the manufacture, promotion, advertising, distribution and sale of ladies' dresses, girls' dresses, intimates, and sleepwear (the "License Agreement").

24. Pursuant to the License Agreement, M&A acknowledged and agreed that Plaintiff would have extensive approval rights and control over the nature and quality of the goods produced thereunder.

25. Specifically, M&A was required under the License Agreement, prior to any use of the CHRISTIAN SIRIANO Marks, to supply production samples to Plaintiff. In addition, M&A was required to provide artwork, style guides, look books, prototypes, and/or preproduction samples to Plaintiff prior to manufacturing any goods using the CHRISTIAN SIRIANO Marks.

26. In addition, M&A was required to provide a full-size run of post-production samples of each style of licensed product for Plaintiff's written approval.

27. These approval provisions were extremely important to Plaintiff, and were designed to ensure that products bearing the CHRISTIAN SIRIANO Marks were of high quality and consistent with Plaintiff's reputation.

28. Pursuant to the Agreement, if M&A produced garments based on unapproved samples or produced garments that were inferior in quality to previously approved samples, Plaintiff had the right to immediately terminate the License Agreement.

**M&A's Breach**

29. Throughout Plaintiff's relationship with M&A, there were continuous and ongoing issues with the quality of the goods produced by M&A as well as with M&A's failure to comply with the approval provisions in the License Agreement.

30. In June 2017, M&A sent Plaintiff line sheets, also known as Computer Animated Designs ("CADs"), for a number of M&A's dress styles for review and approval. After reviewing the CADs, Plaintiff requested a "full-size" run of all the dresses.

31. Plaintiff, however, never received pre-production or production samples of the dresses.

32. Instead, in August 2017, Plaintiff received post-production samples of several M&A dresses, bearing the CHRISTIAN SIRIANO Marks, which M&A had already manufactured in significant quantities. These dresses (the "Unapproved Dresses") were of extremely poor quality, including serious issues with incorrect stitching and hemming. The Unapproved Dresses were also made with low-grade, low quality fabric inconsistent with the quality expected of the Siriano brand.

33. Among other things, despite the fact that the CADs for the dress featured a stitched hem, one of the Unapproved Dresses was produced with a raw, unstitched hem.

34. Plaintiff informed M&A that the raw hem was completely unacceptable, and that the hem should not have differed from the CAD. Nonetheless, M&A continues to sell the

Unapproved Dresses, and other items using the CHRISTIAN SIRIANO Marks in commerce and directed to customers in the United States.

35. The inferior quality extended to the packaging of the Unapproved Dresses, which was ripped and damaged. Since the packaging often is a customer's first interaction with a particular brand, the damaged state of the packaging was a particularly poor reflection of the Christian Siriano brand.

36. Plaintiff repeatedly informed M&A that the dresses and packaging were inferior quality, and did not meet the standards of the CHRISTIAN SIRIANO brand.

37. On October 23, 2017, Plaintiff sent M&A written notice of default. Pursuant to the License Agreement, the License Agreement was terminated on October 24, 2017.

38. Upon information and belief, M&A sold and continues to sell the Unapproved Dresses in Interstate Commerce despite Plaintiff's lack of approval and the termination of the License Agreement.

**Defendant's Post-Termination Obligations and Failure to Comply**

39. Under the License Agreement, M&A is bound to certain obligations following the termination of the Agreement, including that it immediately (1) recall Unapproved Dresses and (2) discontinue all use of the CHRISTIAN SIRIANO Marks and any confusingly similar terms in connection with the advertising, marketing, distribution or sale of any goods.

40. In addition, M&A is required to: (1) pay Plaintiff a 25% Earned Royalty for all Unapproved Dresses sold; (2) pay all outstanding payments due to Plaintiff; and (3) pay the costs and expenses to make spot checks at retail and wholesale distribution points to assure that no Unapproved Products are being shipped.

41. Upon information and belief, despite the termination of the License Agreement M&A has continued to sell the Unapproved Dresses in the United States, including through online retailers such as Amazon, and has expressed plans to sell the Unapproved Dresses internationally.

42. Upon information and belief, despite the termination of the License Agreement, M&A continues to sell other items bearing the CHRISTIAN SIRIANO Marks in the United States.

43. M&A has failed to pay Plaintiff the amounts due and owing under the License Agreement including the Earned Royalty for the Unapproved Dresses sold and the outstanding Minimum Guarantee of $37,500 which was due on September 30, 2017.

### FIRST CAUSE OF ACTION
### (INFRINGEMENT OF A REGISTERED TRADEMARK UNDER FEDERAL LAW)

44. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 43 of this Complaint as if fully set forth herein.

45. M&A's use and threatened continued use of the CHRISTIAN SIRIANO Marks is likely to cause confusion, to cause mistake, and to deceive consumers into believing that M&A's goods have been authorized and approved by Plaintiff.

46. M&A is liable to Plaintiff for trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

47. M&A's use and threatened continued use of the CHRISTIAN SIRIANO Marks has caused and threatens Plaintiff with irreparable injury for which it has no adequate remedy at law.

48. Plaintiff has been damaged by M&A in an amount to be determined at trial but not less than $1,000,000.

## SECOND CAUSE OF ACTION
### (DILUTION UNDER FEDERAL LAW)

49. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 48 of this Complaint as if fully set forth herein.

50. The CHRISTIAN SIRIANO Marks are famous and readily recognizable.

51. M&A's use and threatened continued use of the CHRISTIAN SIRIANO Marks, particularly on clothing of inferior quality, will tarnish the recognition of Plaintiff as a high-quality brand and licensor.

52. M&A is liable to Plaintiff for dilution under 15 U.S.C. 1125(c) of the Lanham Act.

53. M&A's use and threatened continued use of the CHRISTIAN SIRIANO Marks has caused and threatens Plaintiff with irreparable injury for which it has no adequate remedy at law.

## THIRD CAUSE OF ACTION
### (VIOLATION OF SECTION 43(A) OF THE LANHAM TRADEMARK ACT)

54. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 53 of this Complaint as if fully set forth herein.

55. M&A's threatened continued use of the CHRISTIAN SIRIANO Marks is likely to cause confusion or deceive persons into believing that M&A's goods were authorized or approved by Plaintiff. Moreover, representations made in their marketing of the products sold under the CHRISTIAN SIRIANO Marks constitute false or misleading descriptions of fact with respect to the nature, characteristics, qualities and/or geographic origin of Defendant's goods.

56. M&A is liable to Plaintiff in violation of Section 43(a)(1) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

57. M&A's use and threatened continued use of the CHRISTIAN SIRIANO Marks has caused and threatens Plaintiff with irreparable injury for which it has no adequate remedy at law.

58. Plaintiff has been damaged by M&A in an amount to be determined at trial but not less than $1,000,000.

## FOURTH CAUSE OF ACTION
### (FALSE AND DECEPTIVE ADVERTISING UNDER NEW YORK STATE LAW)

59. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 58 of this Complaint as if fully set forth herein.

60. M&A is liable to Plaintiff for false and deceptive advertising in violation of N.Y. Gen. Bus. Law §§ 349 and 350.

61. M&A's actions have caused and threaten Plaintiff with irreparable injury for which it has no adequate remedy at law.

62. Plaintiff has been damaged by M&A in an amount to be determined at trial but not less than $1,000,000.

## FIFTH CAUSE OF ACTION
### (INJURY TO BUSINESS REPUTATION AND DILUTION UNDER NEW YORK STATE LAW)

63. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 62 of this Complaint as if fully set forth herein.

64. M&A is liable to Plaintiff for violations of N.Y. Gen. Bus. Law § 360-L.

65. M&A's actions have caused and threaten Plaintiff with irreparable injury for which it has no adequate remedy at law.

66. Plaintiff has been damaged by M&A in an amount to be determined at trial but not less than $1,000,000.

WHEREFORE, Plaintiff prays that the Court:

(i) permanently enjoin M&A and/or its licensees' acts of trademark infringement, dilution, false advertising, injury to business reputation and misappropriation;

(ii) award Plaintiff damages as provided by law;

(iii) award Plaintiff punitive and/or exemplary damages as provided by law;

(v) award Plaintiff the costs, disbursements, and attorneys' fees incurred in bringing this action; and

(vi) award such other and further relief as the Court deems just and proper.

Dated: New York, New York
January 3, 2018

FRANKFURT KURNIT KLEIN & SELZ, P.C.

By: /s/ Edward H. Rosenthal
Edward H. Rosenthal, Esq.
Lakendra S. Barajas, Esq.
488 Madison Avenue
New York, New York 10022
Tel.: (212) 980-0120
Fax: (212) 593-9175
erosenthal@fkks.com
lbarajas@fkks.com

*Attorneys for Plaintiff*